Appellant, Roger Staton, appeals from the judgment of the Butler County Common Pleas Court wherein the court granted summary judgment to appellee, Peter Reising.
On October 24, 1997, Staton filed a complaint seeking damages from Reising and others contending that he was wrongfully prosecuted. He contended the trial court had jurisdiction pursuant to42 U.S.C. § 1983 and R.C. 2305.01 et seq.
In the complaint Staton alleged that Reising, as a police officer employed by the City of Oxford, Ohio, assisted defendant Ronald Dickson in falsifying evidence and committing perjury in furtherance of efforts to wrongfully convict him of an assault which Reising knew or had reason to know Staton had not committed.
On March 24, 1998, Reising filed a motion for summary judgment and in support of his motion filed the following affidavit:
 Peter Reising, being first duly cautioned and sworn, deposes and says that he is a member of the City of Oxford Police Department; that on or about the 4th day of November, 1996, Ronald Dickson entered the police station of the City of Oxford and advised Affiant of an incident that occurred in Oxford Township. Affiant further says that he advised Mr. Dickson that his department had no jurisdiction and advised Mr. Dickson that if he wished to complete his report he should do so with the Oxford Township Police Department located on Collins Run Road in Butler County, Ohio.
 Affiant further says that he did not participate in the arrest nor did he testify at the trial of Roger D. Staton which he understands occurred sometime in May of 1997. (Emphasis ours).
In granting summary judgment to the defendant-Reising, the trial court noted that the allegations in the plaintiff's complaint were unsupported by evidence and were not based on personal knowledge. In addition to finding for defendant, Reising, the trial court found no reason for delay pursuant to Civ.R. 54(B).
Staton timely appealed and asserts in a single assignment of error that the trial court erred in granting summary judgment to the defendant.
A moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. These materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280.
In this case the plaintiff stated in his complaint that the defendant helped complainant Ronald Dickson falsify evidence and commit perjury in Dickson's assault case against the defendant.
The defendant's affidavit does not directly contradict the plaintiff's complaint. He does not deny in his affidavit that he assisted Dickson in falsifying evidence or in committing perjury. One could infer from Dickson's affidavit that a portion of Dickson's report was completed with Reising's assistance. Reising stated in his affidavit that if Dickson wished to complete his report he should do so with another police department. The non-movant is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C). While one might infer from the defendant's affidavit that he denies that he assisted Dickson in falsifying evidence and perjury himself, his affidavit does not clearly express that. If a movant does not support his motion, an adverse party may rest upon the allegations of his pleadings. Civ. R. 56(E). Accordingly, the trial court erred in granting summary judgment to defendant Reising. The assignment of error is Sustained.
The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, J., and FAIN, J., concur.